**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| SHANNON CHAPMAN, | Civil Action No.: 0:24-4851-JFA |
| Plaintiff, | |
| v. | |
| WALMART, INC. and EDGEWELL PERSONAL CARE, LLC, | **COMPLAINT**<br>(Jury Trial Demanded) |
| Defendants. | |

**COMES NOW** the Plaintiff, SHANNON CHAPMAN, (referred to hereinafter as "Plaintiff"), by and through undersigned counsel hereby files her Complaint against Defendants WALMART, INC. and EDGEWELL PERSONAL CARE, LLC, and states the following:

**SUMMARY OF THE ACTION**

1.    Plaintiff brings this civil action to recover for the catastrophic and permanent burn injuries, pain and suffering, and mental anguish, sustained when a defective and unreasonably dangerous Schick Hydro Silk Sugar Wax Roller, (hereinafter "Subject Wax Roller"), exploded onto Plaintiff. The Subject Wax Roller was defective, hazardous, and malfunctioned when Plaintiff was using it in a reasonably foreseeable and intended manner.

2.    Plaintiff now sues Defendants for their roles in designing, manufacturing, importing, distributing, selling, and supplying the Subject Wax Roller in its defective condition and for otherwise causing the incident and Plaintiff's horrific burn injuries.

**THE PARTIES**

3.     At all times herein relevant, Plaintiff has been a resident of York County, South Carolina.

4.     At all times herein relevant, Defendant WALMART, INC., (referred to hereinafter as "Walmart") was and is a Delaware corporation with its principal place of business at 702 Southwest 8th St, Bentonville, AR 72716.

5.     Walmart is a multinational retail corporation that operates a chain of discount department stores and grocery stores in the United States. According to its website, Walmart offers the convenience of one-stop shopping from grocery and entertainment to sporting goods and crafts.

6.     Walmart derives substantial revenue from selling, distributing, and/or delivering beauty products to consumers throughout the United States. Walmart sold, distributed, and/or delivered the Subject Wax Roller to Plaintiff that was involved in the incident, which forms the basis for this Complaint.

7.     At all times herein relevant, Defendant EDGEWELL PERSONAL CARE, LLC, (referred to hereinafter as "Edgewell") was and is a Delaware limited liability company with its principal place of business at 6 Research Drive, Shelton, CT 06484.

8.     Edgewell is in the business of and derives substantial revenue from designing, manufacturing, assembling, producing, marketing, selling, and distributing beauty products.

9.     Edgewell has been selling, distributing, and delivering its beauty products and services directly to businesses including Walmart.

10.     Edgewell designed, manufactured, assembled, and produced the Subject Wax Roller and sold, distributed, and delivered the Subject Wax Roller directly to Walmart with the

3

purpose and expectation that Walmart would sell and supply the Subject Wax Roller into the stream of commerce.

## JURISDICTION & VENUE

11.     Jurisdiction is based on diversity of citizenship pursuant to U.S.C. § 1332, as this an action for damages that exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and therefore within the jurisdictional requirements of this Honorable Court.

12.     Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this Complaint occurred in South Carolina.

13.     At all times herein relevant, Walmart was regularly doing business within the State of South Carolina and sold products within the state of South Carolina that it marketed, inspected, serviced, and sold.

14.     Walmart was at all times material hereto in the business of distributing, marketing, importing, inspecting, maintaining, servicing, and selling beauty products, including the Subject Wax Roller that was involved in the incident, which forms the basis for this Complaint.

15.     Walmart regularly solicits business or engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered to persons in and from the state of South Carolina.

16.     Walmart expects and should reasonably expect its acts to have consequences in South Carolina and derives substantial revenue from commerce with citizens and residents of the state of South Carolina, as well as from interstate commerce.

4

17. Walmart regularly transacts business with citizens of residents of the state of South Carolina and contracts to supply its goods and services to the state of South Carolina.

18. Walmart owns, uses, and possesses real property situated in the state of South Carolina. Indeed, Walmart on their website advertises the fact that Walmart owns, uses, and possesses 110 physical locations within the state of South Carolina[1]:



U.S. Walmart Stores / South Carolina Walmart Stores

## Walmart Store Directory

### South Carolina

110 Walmart Stores in South Carolina

19. At all times herein relevant, Edgewell was regularly doing business within the state of South Carolina and sold products within the state of South Carolina that it marketed, inspected, serviced, and sold.

20. Edgewell regularly solicits business or engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered to persons in and from the state of South Carolina.

21. Edgewell purposefully availed themselves to Walmart and the state South Carolina with the goal of reaching South Carolina consumers and offering their products for sale in Walmart stores located in South Carolina.

---

[1] https://www.walmart.com/store-directory/sc

5

22.     Edgewell was at all times material hereto in the business of distributing, marketing, importing, inspecting, maintaining, servicing, selling, and manufacturing beauty products, including the Subject Wax Roller.

23.     Edgewell regularly solicits business or engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered to persons in and from the state of South Carolina.

24.     Edgewell expects and should reasonably expect its acts to have consequences in South Carolina and derives substantial revenue from commerce with citizens and residents of the state of South Carolina, as well as from interstate commerce.

25.     Edgewell regularly transacts business with citizens of residents of the state of South Carolina and contracts to supply its goods and services to the state of South Carolina.

**FACTS**

26.     Plaintiff purchased the Subject Wax Roller from Walmart located in York County, South Carolina.

27.     On February 9, 2024, Plaintiff placed the Subject Wax Roller in the microwave to warm it up before use, following the heating time recommended by Edgewell. When Plaintiff opened the microwave to retrieve the Subject Wax Roller it suddenly and unexpectedly exploded, spilling scaling hot wax onto her body.

28.     The explosion resulted in extensive 3rd degree burns to Plaintiff's body. Plaintiff has been permanently scarred and disfigured as a result:



29.     Plaintiff suffered permanent and life-altering injuries as a result of this incident.

30.     The Subject Wax Roller was being used in a reasonably foreseeable manner at the time of the incident.

31.     The Subject Wax Roller is defective in its design, manufacture, and/or warning.

32.     The Subject Wax Roller's defective condition rendered the Subject Wax Roller unreasonably dangerous for its intended, designed, and foreseeable uses.

33.     The Subject Wax Roller was the direct and proximate cause of the injuries to Plaintiff, who suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing care and treatment. Her losses are either permanent or continuing and she will suffer the losses in the future

34.     Defendants Walmart and Edgewell were well aware of the risks to human health posed by the defective Subject Wax Roller. Defendants knew, or should have known, that the Subject Wax Roller could pose significant health risks to consumers.

7

35.    Defendants negligently distributed, marketed, imported, inspected, maintained, serviced, and/or sold the defective Subject Wax Roller that could explode unexpectedly, under ordinary use and without warning.

36.    The risk of danger associated with designing, manufacturing, distributing, supplying, and selling the Subject Wax Roller as it was outweighs any real or perceived benefits. At the time the Subject Wax Roller was designed, manufactured, distributed, supplied, and sold, alternative designs, formulations, and methods of manufacturing existed that would have resulted in a safer and more useful product with little to no increase in cost.

37.    The Subject Wax Roller's defective and unreasonably dangerous condition existed at the time the Subject Wax Roller left Defendants' final possession, custody, and control.

38.    Upon information and belief, Defendants prioritized profits over safety, knowingly disregarding the defective and hazardous nature of the Subject Wax Roller.

39.    Upon information and belief, there are numerous documented instances where similar Schick Hydro Silk Sugar Wax Roller designed, manufactured, distributed, supplied, and sold by Defendants failed in a similar manner. Despite this knowledge, Defendants took no action and allowed the Subject Wax Roller to remain in the market, recklessly and intentionally disregarding the potential risks and safety concerns.

## COUNT I—NEGLIGENCE AGAINST WALMART, INC.

40.    Plaintiff re-alleges and incorporates paragraphs 1 through 39 of this Complaint as if fully stated herein.

41.    Defendant Walmart is in the business of distributing and selling beauty products, including the Subject Wax Roller.

42.     Walmart inspected, distributed, sold, and/or ultimately placed the Subject Wax Roller into the stream of commerce, selling it directly to Plaintiff.

43.     On February 9, 2024, Plaintiff was using the Subject Wax Roller for its ordinary purpose.

44.     Walmart knew or in the exercise of due care should have known that the Subject Wax Roller was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

45.     Walmart was under a duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Wax Roller in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Wax Roller, including Plaintiff.

46.     Walmart owed a duty to adequately test, inspect, and assure the quality of the Subject Wax Roller before placing it into the stream of commerce.

47.     Walmart owed a duty to provide adequate warnings, instructions, and information with the Subject Wax Roller.

48.     Walmart owed a duty to notify and warn Plaintiff about the Subject Wax Roller's defective and dangerous condition.

49.     On the date of the subject incident, the Subject Wax Roller was substantially unchanged from its condition and sold and maintained by Walmart.

50.     Walmart breached the above duties.

51.     Walmart's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

9

**WHEREFORE**, Plaintiff, SHANNON CHAPMAN, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II –STRICT LIABILITY AGAINST WALMART, INC.

52.     Plaintiff re-alleges and incorporates paragraphs 1 through 51 of this Complaint as if fully stated herein.

53.     Defendant Walmart is in the business of distributing and selling beauty products, including the Subject Wax Roller.

54.     Walmart inspected, distributed, sold, and/or ultimately placed the Subject Wax Roller into the stream of commerce, selling it directly to Plaintiff.

55.     Walmart knew or in the exercise of due care should have known that the Subject Wax Roller was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

56.     Walmart is strictly liable as the Subject Wax Roller was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Wax Roller was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Wax Roller, including Plaintiff.

57.     The Subject Wax Roller was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Walmart.

10

58. The Subject Wax Roller was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Plaintiff.

59. On the date of the subject incident, the Subject Wax Roller was substantially unchanged from its condition and sold and maintained by Walmart.

60. As a direct and proximate result of the Subject Wax Roller's defective condition, Plaintiff sustained injuries.

**WHEREFORE**, Plaintiff, SHANNON CHAPMAN demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III –BREACH OF WARRANTY AGAINST WALMART, INC.

61. Plaintiff re-alleges and incorporates paragraphs 1 through 60 of this Complaint as if fully stated herein.

62. Defendant Walmart is in the business of distributing and selling beauty products, including the Subject Wax Roller.

63. Walmart inspected, distributed, sold, and/or ultimately placed the Subject Wax Roller into the stream of commerce, selling it directly to Plaintiff.

64. Walmart placed the Subject Wax Roller on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. Walmart knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous

11

conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

65.     On the date of the subject incident, the Subject Wax Roller was substantially unchanged from its condition as sold and maintained by Walmart.

66.     Walmart warranted and represented safe operation and performance of the Subject Wax Roller to Plaintiff during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Wax Roller was fit for the purposes it was intended to be used.

67.     The Subject Wax Roller was defective and in an unreasonably dangerous condition when sold and maintained by Walmart because of design, manufacturing, inspection, and warning defects that caused the Subject Wax Roller to suddenly explode.

68.     Walmart's lack of inspection, testing, or quality control in connection with the Subject Wax Roller's performance, coupled with its representations and warranties about safe performance, rendered the Subject Wax Roller unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Plaintiff.

69.     The Subject Wax Roller failed to perform safely as warranted and represented by Walmart in connection with its sale.

70.     For the reasons set above, the Subject Wax Roller was defective and unreasonably dangerous to foreseeable users and/or bystanders, including Plaintiff, who came into contact with the Subject Wax Roller in an ordinary and foreseeable manner.

71.     The defects above directly and proximately caused the subject incident and injuries to Plaintiff.

12

**WHEREFORE**, Plaintiff, SHANNON CHAPMAN, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV –NEGLIGENCE AGAINST EDGEWELL PERSONAL CARE, LLC

72.     Plaintiff re-alleges and incorporates paragraphs 1 through 71 of this Complaint as if fully stated herein.

73.     Defendant Edgewell is in the business of distributing and selling beauty products, including the Subject Wax Roller.

74.     Edgewell inspected, distributed, sold, and/or ultimately placed the Subject Wax Roller into the stream of commerce, selling it directly to Walmart.

75.     On February 9, 2024, Plaintiff was using the Subject Wax Roller for its ordinary purpose.

76.     Edgewell knew or in the exercise of due care should have known that the Subject Wax Roller was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

77.     Edgewell was under a duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Wax Roller in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Wax Roller, including Plaintiff.

13

78.      Edgewell owed a duty to adequately test, inspect, and assure the quality of the Subject Wax Roller before placing it into the stream of commerce.

79.      Edgewell owed a duty to provide adequate warnings, instructions, and information with the Subject Wax Roller.

80.      Edgewell owed a duty to notify and warn Plaintiff about the Subject Wax Roller's defective and dangerous condition.

81.      On the date of the subject incident, the Subject Wax Roller was substantially unchanged from its condition and sold and maintained by Edgewell.

82.      Edgewell breached the above duties.

83.      Edgewell's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff, SHANNON CHAPMAN, demands judgment against Defendant, EDGEWELL PERSONAL CARE, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT V –STRICT LIABILITY AGAINST EDGEWELL PERSONAL CARE, LLC

84.      Plaintiff re-alleges and incorporates paragraphs 1 through 83 of this Complaint as if fully stated herein.

85.      Defendant Edgewell is in the business of distributing and selling beauty products, including the Subject Wax Roller.

14

86.     Edgewell inspected, distributed, sold, and/or ultimately placed the Subject Wax Roller into the stream of commerce, selling it directly to Walmart.

87.     Edgewell knew or in the exercise of due care should have known that the Subject Wax Roller was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

88.     Edgewell is strictly liable as the Subject Wax Roller was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Wax Roller was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Wax Roller, including Plaintiff.

89.     The Subject Wax Roller was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Edgewell.

90.     The Subject Wax Roller was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Plaintiff.

91.     On the date of the subject incident, the Subject Wax Roller was substantially unchanged from its condition and sold and maintained by Edgewell.

92.     As a direct and proximate result of the Subject Wax Roller's defective condition, Plaintiff sustained injuries.

**WHEREFORE**, Plaintiff, SHANNON CHAPMAN, demands judgment against Defendant, EDGEWELL PERSONAL CARE, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic

15

damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VI –BREACH OF WRRANTY AGAINST EDGEWELL PERSONAL CARE, LLC

93.     Plaintiff re-alleges and incorporates paragraphs 1 through 92 of this Complaint as if fully stated herein

94.     Defendant Edgewell is in the business of distributing and selling beauty products, including the Subject Wax Roller.

95.     Edgewell inspected, distributed, sold, and/or ultimately placed the Subject Wax Roller into the stream of commerce, selling it directly to Walmart.

96.     Edgewell placed the Subject Wax Roller on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers.  Edgewell knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

97.     On the date of the subject incident, the Subject Wax Roller was substantially unchanged from its condition as sold and maintained by Edgewell.

98.     Edgewell warranted and represented safe operation and performance of the Subject Wax Roller to Walmart and Plaintiff during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Wax Roller was fit for the purposes it was intended to be used.

16

99.     The Subject Wax Roller was defective and in an unreasonably dangerous condition when sold and maintained by Edgewell because of design, manufacturing, inspection, and warning defects that caused the Subject Wax Roller to suddenly explode.

100.     Edgewell's lack of inspection, testing, or quality control in connection with the Subject Wax Roller's performance, coupled with its representations and warranties about safe performance, rendered the Subject Wax Roller unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Plaintiff.

101.     The Subject Wax Roller failed to perform safely as warranted and represented by Edgewell in connection with its sale.

102.     For the reasons set above, the Subject Wax Roller was defective and unreasonably dangerous to foreseeable users and/or bystanders, including Plaintiff, who came into contact with the Subject Wax Roller in an ordinary and foreseeable manner.

103.     The defects above directly and proximately caused the subject incident and injuries to Plaintiff.

**WHEREFORE**, Plaintiff, SHANNON CHAPMAN, demands judgment against Defendant, EDGEWELL PERSONAL CARE, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

17

1.  For an award of damages, including nominal and compensatory damages, including past and future pain and suffering, past and future treatment costs, and other amounts as allowed by law and in an amount to be determined;

2.  For an award of punitive damages as allowed by law and in an amount to be determined;

3.  For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

4.  For prejudgment interest on all amounts awarded; and

5.  Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff, SHANNON CHAPMAN, hereby demands a jury trial on all issues so triable.

MORGAN & MORGAN

/s/Jonathan S. Arndt
Jonathan S. Arndt, Fed. Bar No. 12889
4401 Belle Oaks Drive, 3rd Floor
North Charleston, SC 29405
Telephone: (854) 222-6089
JArndt@forthepeople.com

**Attorneys for the Plaintiff**

September 5, 2024
North Charleston, South Carolina

18