IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shannon Chapman, <br><br> Plaintiff, <br><br> v. <br><br> Walmart, Inc., Edgewell Personal Care, LLC, Cosmewax, S.A., <br><br> Defendants. | C/A No. 0:24-cv-04851-JFA <br><br><br> **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Defendant Cosmewax, S.A.'s ("Cosmewax") Motion to Dismiss the Second Amended Complaint, (ECF No. 51), for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF No. 56). Shannon Chapman ("Plaintiff"), filed a Response to this Motion, (ECF No. 58), to which Cosmewax filed a Reply, (ECF No. 63). Additionally, this Court heard argument on this Motion on May 15, 2026. (ECF No. 64). Therefore, this matter is ripe for review. For the reasons discussed herein and at the hearing, Cosmewax's Motion is denied without prejudice, and jurisdictional discovery as to Cosmewax is permitted for a period of 120 days.[1]

## I.    FACTUAL AND PROCEDURAL HISTORY

The following facts are taken from Plaintiff's Second Amended Complaint and are accepted as true. (ECF No. 51). Plaintiff purchased a Wax Roller from a Walmart store

---

[1]    Consistent with this Order, the Joint Motion to Amend/Correct the Scheduling Order, (ECF No. 52), is terminated as moot. Discovery as to the merits of this matter is stayed until the completion of jurisdictional discovery. Accordingly, at the end of this 120-day period, the parties are directed to confer and provide a status update regarding the progress of the jurisdictional discovery and the anticipated next steps.

located in York County, South Carolina. *Id.* at ¶ 34. Plaintiff placed this Wax Roller into the microwave to warm it before use. *Id.* at ¶ 35. When Plaintiff opened the microwave to retrieve the Wax Roller it suddenly and unexpectedly exploded on her, causing extensive third degree burns to Plaintiff's body. *Id.* at ¶¶ 35-36. Plaintiff asserts causes of action for negligence, strict products liability, and breach of warranty against Cosmewax. *Id.* at pp. 22–29.

Plaintiff also alleges that Cosmewax regularly designed and manufactured beauty products for sale in the United States, including in the State of South Carolina and that Cosmewax regularly derives a substantial revenue from its goods used or consumed by persons in and from South Carolina. *Id.* at ¶¶ 29-30. Plaintiff further alleges that Cosmewax purposefully availed themselves to Defendant Edgewell, Defendant Walmart, and the State of South Carolina and accordingly should have reasonably expected its acts to have consequences in South Carolina. *Id.* at ¶¶ 31-33.

In response to Plaintiff's Second Amended Complaint, Cosmewax filed a Motion to Dismiss for lack of Personal Jurisdiction wherein it included the Declaration of Antonio Ruiz ("Ruiz"), CEO of Cosmewax. (ECF No. 56-1). In this Declaration, Ruiz declares that Cosmewax is a Spanish company, headquartered in Spain. *Id.* at ¶ 3. Further, the Declaration provides that Cosmewax has never directly marketed, advertised, or solicited business in South Carolina and operates solely as a private label contract manufacturer in Spain. *Id.* at ¶ 21.

Currently pending for this Court's resolution is Cosmewax's Motion to Dismiss the Second Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (ECF No. 56).

## II.     LEGAL STANDARD

When a defendant challenges personal jurisdiction, the plaintiff has the burden of showing that such jurisdiction exists. *See In re Celotex Copr*., 124 F.3d 619, 628 (4th Cir. 1997). When the court decides a personal jurisdiction challenge without an evidentiary hearing, the plaintiff must prove a prima facie case of personal jurisdiction. *See Mylan Labs, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). "In considering the challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *In re Celotex Corp.*, 234 F.3d at 628 (citation omitted). However, the court need not "credit conclusory allegations or draw farfetched inferences." *Masselli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320 (4th Cir. 2000).

In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to one for summary judgment. *Magic Toyota, Inc. v. Se. Toyota Distributors Inc.*, 784 F.Supp. 306, 310 (D.S.C. 1992). The plaintiff's showing must be based on "specific facts set forth in the record." *Id*.

In determining whether a prima facie showing has been made, the court may consider the uncontroverted allegations in the plaintiff's complaint. *Wolf v. Richmond Cnty.*

*Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984). However, when a defendant's sworn affidavit contests the allegations in the complaint, the plaintiff can no longer rest on those allegations. *See id.* Instead, the plaintiff bears the burden to present an affidavit or other evidence showing jurisdiction exists over the nonresident defendant. *See id.*

"When a federal court sits in diversity, it has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (citation modified) (internal citation omitted). In evaluating a challenge to personal jurisdiction under a state's long-arm statute, the court engages in a two-step analysis. *See Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993).

South Carolina's long-arm statute has been interpreted to extend to the outer limits allowed by the Due Process Clause. *See Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). Thus, the only question before the court is whether the exercise of personal jurisdiction would violate due process. *See ESAB Grp., Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999). The due process test for personal jurisdiction involves two components: minimum contacts and fairness. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

"The Due Process clause permits the exercise of specific personal jurisdiction over a defendant if the defendant has purposefully established minimum contacts in the forum State such that it should reasonably anticipate being haled into court there." *Fidrych v.*

*Marriott Int'l, Inc*., 952 F.3d 124, 138 (4th Cir. 2020) (citing *Perdue Foods LLC v. BRF S.A*., 814 F.3d 185, 189 (4th Cir. 2016)) (citation modified). "These requirements are met, and specific jurisdiction may be exercised, if 'the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp*., 471 U.S. at 475.

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc*., 334 F.3d 390, 402 (4th Cir. 2003) (citation omitted). However, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Id.* (citing *McLaughlin v. McPhail*, 707 F.2d 800, 806 (4th Cir.1983) (holding that district court did not abuse its discretion in denying jurisdictional discovery when, "[a]gainst the defendants' affidavits," plaintiff "offered nothing beyond his bare allegations that the defendants had had significant contacts with the [forum] state of Maryland" (internal quotation marks omitted)); *ALS Scan, Inc. v. Digital Service Consultants, Inc*., 293 F.3d 707, 716 n.3 (4th Cir.2002) (upholding district court's refusal to allow plaintiff to engage in jurisdictional discovery where plaintiff's request was based on "conclusory assertions"); *see also Rich v. KIS Cal., Inc*., 121 F.R.D.

254, 259 (M.D.N.C.1988) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition.")

## III.    ANALYSIS

Cosmewax's Motion requests a determination that Plaintiff has not sufficiently alleged that this Court has personal jurisdiction over it. (ECF Nos. 56 & 63). Conversely, Plaintiff asks that this Court deny Cosmewax's Motion without prejudice and allow for jurisdictional discovery. (ECF No. 58). Plaintiff contends that documents which were relied upon by Ruiz in preparing for his Declaration, and in the sole possession of Cosmewax would provide the evidence necessary to support a finding of personal jurisdiction. *Id.*

At this stage, a determination that this Court does not have personal jurisdiction over Cosmewax would be premature. Upon a review of Plaintiff's Second Amended Complaint, (ECF No. 51), Plaintiff has sufficiently alleged a prima facie basis for personal jurisdiction over Cosmewax. While Cosmewax properly points out that there is ample Fourth Circuit precedent stating that it is within the District Courts's discretion to deny jurisdictional discovery, this Court does not find this case to be one where it should exercise such discretion. Accordingly, the Court declines to determine it lacks personal jurisdiction over Cosmewax at this time, and will instead allow for jurisdictional discovery.

## IV.     CONCLUSION

For the reasons stated herein and at the hearing, Defendant Cosmewax's Motion to Dismiss, (ECF No. 56), is denied without prejudice. Further, jurisdictional discovery is permitted for a period of 120 days. The pending Motion to Amend the Scheduling Order, (ECF No. 52), is terminated as moot consistent with this Order. Discovery as to the merits of this matter is stayed until the completion of jurisdictional discovery. Accordingly, at the end of this 120 day period, the parties are directed to confer and provide a status update regarding the progress of the jurisdictional discovery and the anticipated next steps.

IT IS SO ORDERED.

May 20, 2026                                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge